IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELIJAH JACKSON, JR.,

Plaintiff,

v. CASE NO. 5:16-cv-21-MP-GRJ

JULIE JONES, SECRETARY,
DEPT. OF CORR. et al.,

Defendants.
_____________________________/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections presently confined at Apalachee CI, initiated this case by filing a *pro se* civil rights complaint. ECF Nos. 1. Plaintiff has neither paid the $400 civil rights case filing fee nor filed a motion for leave to proceed as a pauper. For the reasons discussed below, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

## DISCUSSION

Plaintiff's complaint is virtually indecipherable and names 19 individual defendants. ECF No. 1. Upon careful consideration of the complaint, the Court concludes that Plaintiff's claims stem from the DOC's

refusal, beginning in 2013, to grant him a "good adjustment transfer" to a facility closer to Plaintiff's home or family. ECF No. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Jackson v. Lazzara*, Case No. 8:14-cv-1764-SDM-MAP, ECF No. 8 (M.D. Fla. May 20, 2015) (dismissing complaint pursuant to three-strikes bar and recounting prior cases that qualify as strikes). The Court has confirmed that the Plaintiff in the instant case is

the same as in *Jackson v. Lazzara* and the cases cited therein, having the same DOC inmate number (# 979922). Further, the Court recently recommended that another complaint filed by Plaintiff be dismissed pursuant to the three-strikes bar. *See Jackson v. Walker*, Case No. 4:15-cv-595 ECF No. 4.

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in*

*forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only “for genuine emergencies,” where “time is pressing” and “a threat . . . is real and proximate.”).

Plaintiff’s allegations in the instant Complaint do not suggest that he can satisfy the “imminent danger” exception to the three-strikes bar. Plaintiff argues that his case is meritorious and that he should be exempted from application of the bar. ECF No. 1. The relevant inquiry is not whether Plaintiff’s claims have any merit but whether he has satisfied the “imminent danger” exception. He has not done so.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234,

1236 (11th Cir. 2002).

## CONCLUSION

It is respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of January 2016.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**